UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                             Case No. 2:01-cr-69-FTM-29DNF

TORINDO BROWN
_____

**OPINION AND ORDER**

This matter is before the Court on defendant's Motion (Doc. #88), filed on March 14, 2008. Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels. Because defendant is not eligible for a reduction of his term of imprisonment under Amendment 706, the motion will be denied.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing

Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10.  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).

At defendant's original sentencing, the Court determined that defendant's Base Offense Level was 30 and his Total Offense Level was 27; because defendant qualified as a career offender under

---

[1] <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

U.S.S.G. § 4B1.1, however, his Total Offense Level was 34. The Court granted a three level adjustment because of acceptance of responsibility, resulting in an Enhanced Offense Level of 31. Defendant's Criminal History Category was VI, and the resulting Sentencing Guidelines range was 188 to 235 months imprisonment. Defendant was sentenced to 188 months imprisonment.

The court is required to determine the amended guideline range that would have been applicable to defendant if the applicable retroactive amendment had been in effect at the time defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The application of Amendment 706 initially results in a Base Offense Level of 28, but because defendant is a career offender his Total Offense Level remains at 34, and his Enhanced Offense Level remains 31 after the adjustment for acceptance of responsibility. With a Criminal History Category of VI, defendant's Sentencing Guidelines range remains 188 to 235 months imprisonment. Since the Sentencing Guidelines range remains the same and is not lowered, defendant is not eligible for a reduction in his term of imprisonment pursuant Amendment 706.

Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United

3

States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991).  The Court has no inherent power to reduce a sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003).  The Court finds no other basis for jurisdiction to modify or vacate the sentence.

Accordingly, it is now

**ORDERED AND ADJUDGED**:

Defendant's Motion (Doc. #88) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ⎯⎯18th⎯⎯ day of April, 2008.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
AUSA Molloy
Torindo Brown
U.S. Probation
U.S. Marshal